**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BISMARCK ALFREDO MARTINEZ OBANDO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX,[1]<br><br>Respondent. | Case No. 1:24-cv-01328-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(ECF No. 10)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE AND SUBSTITUTE WARDEN, GOLDEN STATE ANNEX, AS RESPONDENT |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On October 30, 2024, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Petitioner alleged that he has been detained by U.S. Immigration and Customs Enforcement ("ICE") beyond the removal period authorized by law, in violation of 8 U.S.C.

---

[1] "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). In the immigration detention context, the Ninth Circuit has held that "[u]nder Padilla, [Petitioner] must name his immediate custodian[.]" Doe v. Garland, 109 F.4th 1188, 1197 (9th Cir. 2024). As noted by Respondent, at the time the instant petition was filed, Petitioner's immediate custodian was the Warden at the Golden State Annex. (ECF No. 10 at 1 n.1.)

§ 1231(a)(6) and the Fifth Amendment. (ECF No. 1 at 6.[2]) Petitioner requested immediate release from custody. (Id. at 7.)

On February 3, 2025, Respondent filed a motion to dismiss the petition as moot because Petitioner has been released on supervision. (ECF No. 10.) Petitioner has not filed an opposition, and the time to do so has passed.

## II.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner requested immediate release from ICE custody. (ECF No. 1 at 7.) On December 18, 2024, Petitioner was released on an order of supervision. (ECF No. 10-1 at 13–21.) Given that Petitioner has received the remedy to which he would have been entitled had this Court rendered a favorable judicial decision on his petition, the Court finds that no case or controversy exists. See Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007) (noting that "a petitioner's release from detention under an order of supervision 'moot[ed] his challenge to the legality of his extended detention'" (alteration in original) (quoting Riley v. INS, 310 F.3d 1253, 1256–57 (10th Cir. 2002))).

## III.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 10) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as moot.

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

Further, the Clerk of Court is DIRECTED to:

1. Randomly assign this action to a District Judge; and
2. SUBSTITUTE Warden, Golden State Annex, as Respondent in the instant matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3